IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JOSEPH LEE WOODARD,                )
                                   )
                Plaintiff,         )
                                   )
v.                                 )          No. CIV 23-327-RAW-JAR
                                   )
STATE OF OKLAHOMA and              )
LEFLORE COUNTY DISTRICT            )
ATTORNEYS OFFICE,                  )
                                   )
                Defendants.        )

## OPINION AND ORDER

Plaintiff is a pro se pretrial detainee who is incarcerated in the LeFlore County Detention Center in Poteau, Oklahoma. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations by the defendants. (Dkt. 1). The defendants are the State of Oklahoma and the LeFlore County District Attorneys Office. *Id*. at 3. After review of the complaint, the Court finds the complaint must be dismissed.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). *See also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (holding that § 1915A dismissals are reviewed under the Fed. R. Civ. P. 12(b)(6) standard for stating a claim for relief).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Defendants**

Plaintiff has named two inappropriate defendants in this action. The first defendant, the State of Oklahoma, is immune from suit under the Eleventh Amendment. The Eleventh Amendment protects states from damages suits unless Congress has abrogated sovereign immunity or the state has waived it. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Oklahoma has not consented

2

to be sued in federal court, *see* Okla. Stat. tit. 51, § 152.1, and § 1983 does not abrogate states' sovereign immunity, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Therefore, the State of Oklahoma is dismissed from this action, based on Eleventh Amendment immunity.

The second defendant, the LeFlore County District Attorneys Office, also is inappropriate, because these claims also are barred by the Eleventh Amendment.  *See Will*, 491 U.S. at 66.  The immunity to suit in federal courts afforded by the Eleventh Amendment applies not only to the State, but also to its instrumentalities and officers acting in their official capacities.  Therefore, prosecutors possesses prosecutorial immunity from § 1983 lawsuits for damages which are predicated on their performance of functions "in initiating a prosecution and in presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993). The LeFlore County District Attorneys Office also is dismissed.

**Cause of Action**

Plaintiff alleges in Claim 1 of the complaint that "[t]he Megert[1] Act allows the District Attorney to use race in consideration with sentencing inmates of different race, and to do so is a direct violation of constitutional due proces [sic] and equal protection as well as of federal statutes such as Civil Rights Act!"  (Dkt. 1 at 5).  In Claim 2, he asserts his Fourteenth Amendment rights have been violated.  *Id.*  He does not, however, present any specific facts concerning himself.  His requested relief is as follows:  "I believe all Oklahomans should be treated equaly [sic] under the color of the law and should not be separated by the state on racial bias!  If a native has a 3 yrs max sentence so should any other race of people on Oklahoma land under Oklahoma law!!"

It is unclear from the complaint what claim Plaintiff is attempting to present.  If he is challenging the conditions of his confinement, a civil rights complaint is appropriate, but he does not have appropriate defendants.  If, however, he is challenging his detention or sentence, he must present his claims in a petition for a writ of habeas corpus.  Therefore, this action must be dismissed.

---

[1] The Court assumes Plaintiff is referring *to McGirt v. Oklahoma*, 591 U.S. __, 140 S. Ct. 2452 (2020).

**ACCORDINGLY,** Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).  This dismissal shall count as a "strike" or "prior occasion" under 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 6th day of November 2023.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

4